UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA V., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, <br><br> Defendant. | Case No.: 20-cv-00586-JLB <br><br> **ORDER:** <br><br> **(1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND** <br><br> **(2) DISMISSING COMPLAINT WITHOUT PREJUDICE** <br><br> **[ECF No. 3]** |

Plaintiff Maria V. has filed a Complaint against the Commissioner of Social Security, Andrew Saul, seeking judicial review of the Commissioner's final decision denying her application(s)[1] for Supplemental Security Income. (ECF No. 1 ¶ 6.) The parties have consented to the disposition of the case by Magistrate Judge Jill L. Burkhardt pursuant to 28 U.S.C. § 636(c). (ECF No. 5.)

---

[1] The Complaint states both that Plaintiff "filed *an application* for supplemental security income" and that the Commissioner denied her *applications*. (ECF No. 1 ¶ 6 (emphasis added).)

Presently before the Court is Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion"). (ECF No. 3.) For the reasons set forth below, the Court **DENIES** Plaintiff's IFP Motion and *sua sponte* **DISMISSES** the Complaint for failure to state a claim upon which relief may be granted.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

### A. Legal Standard

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

The determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by* 506 U.S. 194 (1993).

### B. Discussion

Here, Plaintiff has not paid the $400.00 filing fee required to maintain an action in this District and has instead moved to proceed IFP. (ECF No. 3.) In her affidavit of assets, Plaintiff attests under penalty of perjury that she is unemployed and her only source of income is $220.00 per month in public-assistance payments. (*Id.* ¶¶ 1–2, 12.) Plaintiff provides that she has $60.00 in a checking account and no other assets. (*Id.* ¶¶ 4–5.) However, Plaintiff also provides that she lives with her mother and spends $0.00 on

monthly expenses. (*Id.* ¶¶ 8, 12.)  The Court fails to understand how Plaintiff receives $220.00 per month in public-assistance payments but has only $60.00 in her checking account when she has no monthly expenses.  Given the foregoing, the Court cannot conclude that Plaintiff's affidavit of assets sufficiently demonstrates that she lacks the financial resources to pay the $400.00 filing fee for this case.  Accordingly, the Court **DENIES without prejudice** Plaintiff's IFP Motion. (ECF No. 3.)  Any subsequent IFP motion shall account for the discrepancy between Plaintiff's monthly public-assistance payments, her checking account's balance, and her monthly expenses.

## II.   SCREENING OF COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)

Although the case cannot procced unless Plaintiff files an amended IFP motion that cures the deficiencies noted above or pays the filing fee, the Court sees fit to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2).  For the reasons discussed below, the Court finds that the Complaint fails to state a claim upon which relief may be granted.  Therefore, should Plaintiff file an amended IFP motion, she must also file an amended complaint.

### A.   Legal Standard

Any complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court, if it finds that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  "[S]ection 1915(e) not only permits but *requires* a district court to dismiss an *in forma pauperis* complaint that fails to state a claim."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (emphasis added).  Complaints in social security appeal cases are not exempt from § 1915(e)'s screening requirement.  *Hoagland v. Astrue*, No. 1:12–cv–00973–SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012) ("Screening is required even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits."); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Glick v. Townsend*, 677 F. App'x 323, 324 (9th Cir. 2017) (same).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a complaint in a social security appeal may differ in some ways from complaints in other civil cases, it is "not exempt from the general rules of civil pleading." *Hoagland*, 2012 WL 2521753, at *2.

With respect to social security appeals, several courts in the Ninth Circuit, including courts in this District,[2] have set forth the following basic requirements for complaints to survive the Court's § 1915(e) screening:

> First, the plaintiff must establish that [she] has exhausted [her] administrative remedies pursuant to 42 U.S.C. § 405(g) and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims [she] became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

*Montoya v. Colvin*, No. 2:16-cv-00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016).

As for the fourth requirement, a complaint fails to state a claim if it merely states that the Commissioner was wrong in denying a plaintiff benefits, for "[e]very plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong." *Hoagland*, 2012 WL 2521753, at *3. Thus, "a social security complaint that

---

[2] *E.g.*, *Janko v. Saul*, No. 20cv669-BLM, 2020 WL 1812224, at *1 (S.D. Cal. Apr. 9, 2020); *Smith v. Saul*, No. 19-cv-1692-AGS, 2019 WL 4643703, at *1 (S.D. Cal. Sept. 24, 2019); *Skyler v. Saul*, No. 19cv1581-NLS, 2019 WL 4039650, at *1 (S.D. Cal. Aug. 27, 2019); *Varao v. Berryhill*, No. 17-cv-02463-LAB-JLB, 2018 WL 4373697, at *2 (S.D. Cal. Jan. 21, 2018), *adopted by* 2018 WL 4361077 (S.D. Cal. Apr. 4, 2018).

merely parrots the standards used in reversing or remanding a case is not sufficient to withstand a screening pursuant to [§] 1915(e)." *Montoya*, 2016 WL 890922, at *2. Instead, "[a] complaint appealing the Commissioner's denial of disability benefits must [include] a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2.

**B.  Discussion**

Applying these basic requirements to the present case, the Court finds that the Complaint is insufficient with respect to requirements three and four.  Regarding the third requirement, the Complaint is silent as to the nature of Plaintiff's disability and the date on which she allegedly became disabled.  Plaintiff states only that she is "disabled as that term is defined in the Social Security Act."  (ECF No. 1 ¶ 5.)  Thus, the Complaint fails as to the third requirement. *See Smith*, 2019 WL 4643703, at *1 ("Although surviving § 1915(e) is a 'low threshold,' [the] plaintiff is still required to plausibly allege that [she] is disabled by identifying her purported disability and suggesting why she is entitled to relief." (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012))).

Regarding the fourth requirement, the Complaint fails to state any facts to support the boilerplate grounds for Plaintiff's appeal.  The Complaint "merely parrots" the standard of judicial review and generically alleges that: (1) "[t]here is no substantial medical or vocational evidence in the record to support the legal conclusion [that] [P]laintiff is not disabled"; (2) "[t]here is no substantial evidence in the record to support the Commissioner's finding that [P]lainitff could perform any substantial gainful activity"; (3) "[t]he evidence in the record supports only the finding that [P]lainitff is disabled"; and (4) [n]ew and material evidence for which good cause exists for failure to submit earlier exists and warrants a remand."  (ECF No. 1 ¶ 9.)  The Complaint is devoid of the Administrative Law Judge's ("ALJ") findings and the specific reasons Plaintiff contends the ALJ erred.  Further, the Complaint does not provide what "new and material evidence" exists, if any.  The Complaint's threadbare and conclusory allegations are insufficient to show that Plaintiff is entitled to relief.  Thus, the Complaint fails as to the fourth requirement as well.

Because the Complaint fails to set forth the nature of Plaintiff's disability, the onset of her disability, and the specific reasons supporting her appeal, the Court is obligated to *sua sponte* dismiss the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  CONCLUSION

For the reasons stated above, the Court hereby:

(1)  **DENIES without prejudice** Plaintiff's IFP Motion (ECF No. 3); and

(2)  *sua sponte* **DISMISSES** the Complaint **without prejudice** and with leave to amend[3] for failure to state a claim upon which relief may be granted.  Plaintiff shall have until **May 28, 2020** to file an amended IFP motion and complaint that cures the deficiencies set forth above.

**IT IS SO ORDERED.**

Dated:  May 6, 2020

*/s/ Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[3]  The Court notes that Plaintiff's counsel's firm has received several dismissals in other cases for the same issue and has been "strongly urged" numerous times "to reconsider using form complaints, which fail to comply with Rule 8 and the IFP statute and waste the Court's resources." *Irizarry v. Berryhill*, No. 19-cv-0476-AJB-NLS (S.D. Cal. Mar. 15, 2019), ECF No. 5; *see Janko v. Saul*, No.: 20cv669-BLM, 2020 WL 1812224, at *3 n.1 (S.D. Cal. Apr. 9, 2020) (collecting cases).  The Court cautions Plaintiff's counsel that future failures by his firm to meet the basic pleading requirements may result in an order to show cause why sanctions should not issue for the repeated filing of facially deficient pleadings.